UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2023 OCT 24  P 3: 23

CLERK_____
SO. DIST. OF GA.

KATHRYN M. WALKER,                )
                                  )
        Plaintiff.                )
                                  )
v.                                )        Civil Action No. CV 123-066-JRH-BKE
                                  )
CHRISTINE E. WORMUTH, et al       )
                                  )
        Defendants.               )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Kathryn M. Walker ("Plaintiff"), hereby submits its opposition to Defendants'

Christine E. Wormuth, Secretary of the Army, and the Department of the Army motion to dismiss

Plaintiff's Amended Complaint. (Doc. No. 9). This case seeks judicial review pursuant to the

Administrative Procedure Act ("APA"),  5 U.S.C. §§ 701-706, of  Department of the Army's

Amended Decision on Notice of Proposed Suspension made under Army Regulation 690-752.

(Doc. No. 7). This case does not challenge an adverse employment action. *Id*. This case challenges the

procedures of Army Regulation 690-752. *Id* at 2. Plaintiff requests that this Court set aside the

Amended Decision on Notice of Proposed Suspension, issue declaratory relief declaring the Amended

Decision on Notice of Proposed Suspension is arbitrary and capricious within the meaning of 5 U.S.C.

§ 706(2)(A), and grant such other relief as the Court deems just and proper. *Id*. at 10. On May 2023 the

Court ordered the parties to confer as provided in Federal Rule of Civil Procedure 26(f) and then

submit a joint 26(f) Report. (Doc. No. 3). On August 21, 2023, the Defendants filed a Motion to

Dismiss. (Doc. No. 9). As such, Plaintiff files this opposition to that motion now, and requests that the

1

Court deny the motion to dismiss for the reasons that follow:

## LEGAL STANDARD

The party asserting claim bears the burden of establishing federal subject matter jurisdiction. *See Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016), A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or diversity jurisdiction pursuant to 28 U.S.C. 1332(a). *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A claim arises under federal law when the face of the complaint presents a federal question. *See Hill v. Bellsouth Telecomm, Inc.*, 364 F.3d 1308, 1314 ((11th Cir. 2004). District courts also have subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A pleading fails to state a claim when it does not include "enough factual matter (taken as true) to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must now contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

Plaintiff has established this Court has subject matter jurisdiction over her case and Plaintiff's Amended Complaint states a claim for relief. (Doc. No. 7). The Defendants move to dismiss Plaintiff's Amended Complaint for (1) Failure to State a Cause of Action and (2) Lack of Subject Matter Jurisdiction. (Doc. No. 9). Because none of these arguments demonstrates any legal insufficiency

in Plaintiff's Amended Complaint, the Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be denied. *Id.*

## I.   Plaintiff's Amended Complaint states a claim for relief.

Plaintiff's Amended Complaint states a claim for relief, despite Defendants' claim to the contrary. (Doc. No. 8). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Swierkiewics v. Sorema N.A.*, 534 U.S. 506, 512 (2002)' *accord Atchison, Topeka & Santa Fe Ry. V. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). Specific facts are not necessary in a Complaint; instead , the statement need only 'give the defendant fair notice if what the...claim is and the grounds upon which it rests.'" *See Epos Tech.*, 636 F.Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts.

Here, Plaintiff's Amended Complaint alleges that the Defendant Department of the Army's Amended Decision on Notice of Proposed Suspension violated the Administrative Procedure Act ("APA") by failing to comply with its own administrative procedures. (Doc. No. 7 at 2). Plaintiff requests that this Court set aside the Amended Decision on Notice of Proposed Suspension, issue declaratory relief declaring the Amended Decision on Notice of Proposed Suspension is arbitrary and capricious within the meaning of 5 U.S.C. § 706(2)(A), and grant such other relief as the Court deems just and proper. *Id.* at 10. Plaintiff contends that her action for judicial review of the Department of the Army's Amended Decision to Notice of Proposed Suspension accrued on May 18, 2023 and subject to 28 U.S.C. § 2401 (a) six-year limitation. *Id.* Under 28 U.S.C. § 2401(a) "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *See* 28 U.S.C. § 2401(a). Plaintiff filed

3

her Complaint in this Court on May 31, 2023. (Doc. No. 1), and Amended Complaint on July 14,

2023. (Doc. No. 7).

## I.      This Court has subject matter jurisdiction.

The Court has subject matter jurisdiction, despite Defendants' claim to the contrary.

(Doc. No. 8). In *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11ᵗʰ Cir. 2003), the Eleventh

Circuit cautioned

> "that the district court should only rely on Rule 12(b)(1)(1) '[i]f the facts
> necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause
> of action.' *Garcia*, 104 F.3d at 1261 (emphasis added). If a jurisdictional
> challenge does implicate the merits of the underlying claim then: [T]he proper
> course of action for the district court ...is to find that jurisdiction exists and
> deal with the objection as a direct attack on the merits of the plaintiff's
> case...Judicial economy is best promoted when the existence of a federal right
> is directly reached and, where no claim is found to exist, the case is dismissed
> on the merits. This refusal to treat indirect attacks on the merits as Rule
> 12(b)(1) motions provides, moreover a greater level of protection for the
> plaintiff who in truth is facing a challenge to the validity of his claim: the
> defendant is forced to proceed under Rule 12(b)(b)... or Rule 56...both of
> which place greater restrictions on the district court's discretion...Id. (quoting
> *Williamson v. Tucker* , 645 F.2d. 404, 415-6 (5ᵗʰ Cir. 1981).

Normally, the question of jurisdiction and the merits of an action will be considered

intertwined where, as here, "a statute provides the basis for both the subject matter jurisdiction

of the federal court and the plaintiff's substantive claim for relief." Id. at 926 (quoting *Sun*

*Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 139-40 (9ᵗʰ Cir. 1983). Section 702 of the

Administrative Procedure Act ("APA") provides the basis for the subject matter jurisdiction of this

Court and the substantive claim for relief. *See* 5 U.S.C. §702. The APA provides a right of review for

persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency

action within the meaning of a relevant statute. *Id.*

Here, Plaintiff's Amended Complaint seeks judicial review pursuant to the Administrative

Procedure Act ("APA"),  5 U.S.C. §§ 701-706, of  Department of the Army's  Amended Decision on

Notice of Proposed Suspension made under Army Regulation 690-752. (Doc. No. 7 at 2).

Plaintiff's Amended Complaint alleges that the Defendant Department of the Army's Amended

Decision on Notice of Proposed Suspension violated the Administrative Procedure Act

("APA")  and is arbitrary and capricious. *Id.* at 7-10. Plaintiff contends that her action for judicial

review of the Department of the Army's Amended Decision on Notice of Proposed Suspension accrued

on May 18, 2023 and subject to 28 U.S.C. § 2401 (a) six-year limitation. *Id.* Under 28 U.S.C. §

2401(a) "every civil action commenced against the United States shall be barred unless the complaint

is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Plaintiff filed her

Complaint in this Court on May 31, 2023. (Doc. No. 1), and Amended Complaint on July 14, 2023.

(Doc. No. 7).

## CONCLUSION

For the foregoing reasons, the Defendants Motion to Dismiss Plaintiff's Amended Complaint

should be denied.

Dated: October 24, 2023                        Respectfully submitted,

                                               Kathryn M. Walker
                                               *Plaintiff*
                                               411 36th Street Unit 8215
                                               Fort Eisenhower, Georgia 30905-7758
                                               (706) 829-9761
                                               E-mail: k.m.walker1@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, a true and correct copy of the foregoing

*Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint* was

served by U.S. Postal Service, certified mail, upon all parties of record and by mailing the

same to:

Jill E. Steinberg
United States Attorney for the Southern District of Georgia
22 Barnard Street
Suite 300
Savannah, Georgia 31401

Kathryn M. Walker
Plaintiff
411 36th Street Unit 8215
Fort Eisenhower, Georgia 30905-7758
(706) 829-9761
E-mail: k.m.walker1@outlook.com

6