IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KATHRYN M. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-066 |
| | ) | |
| CHRISTINE E. WORMUTH and | ) | |
| THE DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, proceeding *pro se*, filed this case on May 31, 2023, (doc. no. 1), and filed an amended complaint on July 14, 2023, (doc. no. 7).  Defendants filed a motion to dismiss on August 21, 2023, (doc. no. 9), which is fully briefed, (doc. nos. 11-12; see also doc. no. 13).  The parties conferred pursuant to Rule 26(f) on November 6, 2023, and separately filed Rule 26(f) reports on November 13, 2023.  (Doc. nos. 14-15.)  Given that the parties request no discovery in this case, the Rule 26(f) Reports are **MOOT** and the Court **DIRECTS** the **CLERK** to terminate the pending motions associated with these Reports.  (Doc. nos. 14-15.)

However, Plaintiff asserts in her 26(f) Report she "should be allowed until December 7, 2023, to amend her pleading or join additional parties."  (Doc. no. 14, p. 4.)  Plaintiff is no longer entitled to amend as a matter of course, as she has already filed an amended complaint.  (Doc. no. 7); Fed. R. Civ. P. 15(a)(1).  Moreover, Plaintiff does not have Defendants' consent to amend her complaint for a second time, nor has she requested leave of this Court to amend.  See Fed. R. Civ.

P. 15(a)(2); Wade v. Daniels, 36 F.4th 1318, 1328 (11th Cir. 2022) ("After the time to file an amendment as a matter of course expires, Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint only with the opposing party's consent or leave of Court.")

Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). Defendant has answered Plaintiff's amended complaint, and the Court cannot determine whether leave to amend again is appropriate, as Plaintiff has not attached a proposed amended complaint or described the substance of her proposed amendments. See Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., 48 F.4th 1222, 1236 (11th Cir. 2022) (citing circuit precedent requiring plaintiff wishing to amend to file motion for leave to amend and either provide substance of proposed amendment or attach proposed amended pleading). If Plaintiff wishes to amend her complaint at this time, she must properly file a motion requesting leave of court to do so.

SO ORDERED this 28th day of November, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA