FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
23 DEC 22 AM 9:32
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KATHRYN M. WALKER, | * | |
| Plaintiff, | * | |
| v. | * | CV 123-066 |
| CHRISTINE E. WORMUTH, in her official capacity as the Secretary of the Army; and THE DEPARTMENT OF THE ARMY, | * | |
| Defendants. | * | |

### O R D E R

Before the Court are Defendants' motion to dismiss (Doc. 9), Plaintiff's motion for summary judgment (Doc. 17), and Plaintiff's motion for leave to amend her amended complaint (Doc. 21). For the reasons explained below, the Court **GRANTS** Defendants' motion to dismiss, **DENIES AS MOOT** Plaintiff's motion for summary judgment, and **DENIES** Plaintiff's motion for leave to amend.

### I. BACKGROUND

This case arises out of Plaintiff's employment with Defendants. (Doc. 7, at ¶ 1.) Plaintiff is a transportation specialist with Defendant Department of the Army. (Id. ¶ 5.) On January 23, 2023, Plaintiff was issued a notice of proposed suspension, which proposed a suspension of ten calendar days. (Id.

¶¶ 8, 9.)  This notice informed Plaintiff she had three possible avenues of redress: (1) filing an Equal Employment Opportunity complaint; (2) filing a whistleblowing reprisal complaint with the United States Office of Special Counsel ("OSC") with the option of a subsequent Individual Right of Action ("IRA") appeal to the Merit Systems Protection Board ("MSPB"); or (3) filing a grievance under the negotiated grievance procedure.  (Id. at 5, 192-93.)  Plaintiff chose the second avenue and immediately filed a complaint with the OSC, alleging retaliation for whistleblowing, which resulted in a stay of the proposed suspension action until February 10, 2023. (Id. at 3 n.1.)  On February 10, 2023, Plaintiff responded to the notice of proposed suspension, indicating "the proposing official did not follow the procedures set forth in Army Regulation 690-752."  (Id. ¶¶ 10, 11.)  On May 15, 2023, Plaintiff was issued a decision on notice of the proposed suspension, which was later amended on May 18, 2023.  (Id. ¶¶ 12, 14.)  The decision indicated the deciding official "considered the aggravating and mitigating factors relevant to the charged misconduct," found suspension appropriate, and again pointed to Plaintiff's avenues of redress outlined above.  (Id. ¶ 15.)  Plaintiff was suspended from employment "for a period of ten (10) calendar days in accordance with Army Regulation 690-752 and Title 5, Code of Federal Regulations, Part 752," and her suspension was effective May 22, 2023 to June 1, 2023.  (Id.)

Plaintiff initiated this action on May 31, 2023[1] and claims Defendants violated the Administrative Procedure Act ("APA") in two ways: first, the agency action — her proposed suspension — was "not in accordance with law"; and second, the agency action was "arbitrary, capricious, [or] [an] abuse of discretion" and must be set aside. (Doc. 1; Doc. 7, ¶¶ 21-32 (first alteration in original).) Plaintiff's claims are based upon Defendants' alleged failure to include certain information in notice of proposed suspension as required under Army Regulation 690-752. (Doc. 7, ¶¶ 23-26, 29-32.) On August 21, 2023, Defendants moved to dismiss Plaintiff's complaint under both Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 9, at 1.)[2] On November 29, 2023, Plaintiff moved for summary judgment. (Doc. 17.) On December 20, 2023, Plaintiff moved for leave to amend her amended complaint. (Doc. 21.)

## II. DISCUSSION

The Court first addresses the pending motion to dismiss. (Doc. 9.) Defendants argue, among other things, that Plaintiff's

---

[1] Plaintiff filed an Amended Complaint on July 14, 2023. (Doc. 7.)
[2] Plaintiff filed her response to Defendants' motion to dismiss out of time and subsequently filed a motion for leave to file a response. (Docs. 11, 13.) Due to Plaintiff's *pro se* status and in the interests of justice, the Court will consider the arguments raised in Plaintiff's response. Therefore, Plaintiff's motion for leave to file out of time (Doc. 13) is **GRANTED**, and Plaintiff's response (Doc. 11) is considered timely.

3

claims are precluded by the Civil Service Reform Act ("CSRA"). (Id. at 8-11.) The Court agrees.

Plaintiff's claims for relief are both brought under the APA. (Doc. 7, at 7-10.) The APA expressly excepts review where the relevant statute "preclude[s] judicial review" or where the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). "[T]he comprehensive nature of the . . . CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA, or not at all." Stephens v. Dep't of Health & Hum. Servs., 901 F.2d 1571, 1576 (11th Cir. 1990) (alterations in original) (quoting Veit v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984)). In Stephens, the Eleventh Circuit held the CSRA precludes judicial review under the APA. Id.

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees." Elgin v. Dep't of Treasury, 567 U.S. 1, 5 (2012) (citation and internal quotation marks omitted). Under the CSRA, an agency — such as the Department of the Army — may take action against certain employees "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). Employees entitled to protection under the CSRA include individuals in "competitive service" and individuals in "excepted service" who meet certain requirements. 5 U.S.C. § 7511(a)(1).

"The CSRA provides a comprehensive scheme to administer adverse personnel actions against federal employees." Graham v. Ashcroft, 358 F.3d 931, 933 (D.C. Cir. 2004) (citing Lindahl v. OPM, 470 U.S. 768, 773-74 (1985)). "It prescribes in great detail the protections and remedies applicable to such action[s], including the availability of . . . judicial review." United States v. Fausto, 484 U.S. 439, 443 (1988).

> Chapter 75 of the CSRA governs adverse personnel actions based on misconduct: Subchapter I, 5 U.S.C. §§ 7501-7504, governs minor adverse personnel actions and Subchapter II, 5 U.S.C. §§ 7511-7514, governs major adverse personnel actions. Subchapter I defines a minor personnel action as suspension for 14 days or less, § 7502, and applies only to employees in the "competitive service," § 7501. Although Section 7503 provides some procedural protections in such cases, there is no right to judicial review for covered employees under Subchapter I.

Graham, 358 F.3d at 933. Thus, the CSRA's statutory scheme does not provide Plaintiff a right to judicial review in the present circumstances because her ten-day suspension is a minor personnel action over which the CSRA does not afford judicial review.

It is undisputed that Plaintiff is a federal employee in competitive service and her suspension is a covered action under the CSRA. (Doc. 7, ¶ 5; Doc. 9, at 8-10.) Instead, Plaintiff contends her case is properly before the Court because she "does not challenge an adverse employment action" but instead "challenges the procedures of Army Regulation 690-752,"

5

specifically that the procedures were not followed in her suspension. (Doc. 11, at 1, 3.) As noted above, Plaintiff was given an opportunity to respond to Defendants' plan to suspend her from service and exercised her right to appeal Defendants' decision to the OSC based on an alleged whistleblowing reprisal. (Doc. 7, at 3 n. 1, 5, 192-93.) Plaintiff's relief is limited to the "avenues of redress" outlined above, and she may not circumvent the CSRA's statutory scheme for relief by arguing Defendants failed to follow their own protocol in administering her suspension. Graham, 358 F.3d at 935 (explaining that "[i]t is no answer to invoke the principle that agencies must follow their own regulations" to invoke judicial review of an agency decision otherwise precluded under the CSRA); see also Fausto, 484 U.S. at 451 n.5 (rejecting the contention that allowing Fausto's claims to proceed would not be disruptive of the comprehensive CSRA scheme because such claims "will be 'limited to those instances when the agency violates its own regulations'" (quoting Id. at 458 (Stevens, J., dissenting)).

Because Plaintiff's claims clearly fall under the CSRA, and because the CSRA does not provide judicial review for her ten-day suspension, the Court lacks jurisdiction over Plaintiff's claims. Accordingly, Defendants' motion to dismiss (Doc. 9) is **GRANTED**. For this reason, the Court declines to address the arguments raised

in Plaintiff's motion for summary judgment (Doc. 17) and her motion is hereby **DENIED AS MOOT**.

The Court now turns to Plaintiff's motion for leave to amend her amended complaint. (Doc. 21.) Federal Rule of Civil Procedure 15 sets out how and when leave to amend should be granted. Rule 15 provides courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend, however, is not automatic, even under Rule 15's permissible standard. Faser v. Sears, Roebuck & Co., 674 F.2d 856, 859-60 (11th Cir. 1982). Amendment must be freely given only "[i]n the absence of any apparent or declared reason," such as undue delay, prejudice to the opposing party, or futility of amendment. Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

An amendment is futile when the amended complaint would still be subject to dismissal. Chen ex rel. V.D. v. Lester, 364 F. App'x 531, 538 (11th Cir. 2010) (citation omitted); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (citation omitted)). Here, Plaintiff indicates "[t]he only amendments . . . are to provide a more definite statement pursuant to Rule 12(e) of the Federal Rule[s] of Civil Procedure," but she has not attached a proposed amended complaint or described the substance of her

7

proposed amendments.³ (Doc. 21, at 1.) Due to her failure to attach an amended complaint or explain the substance of such to the Court, this motion is insufficient to support a finding that leave to amend is appropriate and could be denied on these grounds alone. Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (finding the district court did not abuse its discretion in denying plaintiff leave to amend when she failed to attach the amendment or set forth the substance of the proposed amendment). However, even if Plaintiff filed a more sufficient motion for leave to amend, any amendment would be futile because, as explained above, the Court lacks subject matter jurisdiction and her "amended complaint would still be subject to dismissal." Lester, 364 F. App'x at 538. Therefore, Plaintiff's motion for leave to amend (Doc. 21) is **DENIED**.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendants' motion to dismiss (Doc. 9), **DENIES AS MOOT** Plaintiff's motion for summary judgment (Doc. 17), and **DENIES** Plaintiff's motion for leave to amend (Doc. 21). The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

---

³ The Court notes Plaintiff has already been instructed that she is required to attach a proposed amended complaint or describe the substance of her proposed amendment when she seeks leave to amend. (Doc. 16, at 2.)

**ORDER ENTERED** at Augusta, Georgia this 22nd day of December, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA